# LAW OFFICE OF
# PETER A. ROMERO

April 20, 2018

**VIA ECF**
Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    Fernandez v. Rocky Point Townhouse Diner Inc., et al.
                17-CV-3324 (SJF)

Dear Judge Feuerstein:

      This firm represents Plaintiff Jose Fernandez ("Plaintiff") in the above-referenced action. We respectfully submit this motion for approval of Fair Labor Standards Act ("FLSA") Settlement and Dismissal of Claims with Prejudice. Plaintiff commenced this action against his former employer, alleging that Defendants violated the FLSA and New York Labor Law by failing to pay him overtime wages. The parties agreed to resolve their dispute through a series of negotiation discussions. We respectfully seek approval of the settlement of Plaintiff's FLSA claims pursuant to Cheeks v. Freeport Pancake House, Inc., No. 14-cv-299 (2d Cir. Aug. 7, 2015).

      The parties agreed to fully and finally resolve the claims by having Defendants pay Plaintiff a total of $30,000, inclusive of attorneys' fees and costs. Plaintiff believes the agreement is fair and reasonable under the circumstances. The parties have held very different views about the merits of Plaintiffs' claims. The parties' respective views differed as to the extent of overtime hours worked by Plaintiff and the number of weeks, if any, that Plaintiff worked more than 40 hours per week during his employment with Defendants. A resolution of this dispute would require depositions and trial.

      More importantly, the settlement is in Plaintiff's best interest because it is extremely unlikely that the Defendants have the ability to pay more or satisfy a judgment in an amount that exceeds the settlement. As previously noted, the Defendants have been subject to an ongoing investigation by the Internal Revenue Service ("IRS") (See DE 23). Therefore, resolving the action on behalf of the Plaintiff at this early juncture provides certainty in that he will receive compensation for his alleged unpaid overtime wages.

      In light of the significant litigation risks outlined above, all parties believe that this settlement is fair. Although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, there is also the possibility that he could receive much lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Moreover, Plaintiff will be able to recover settlement funds more expeditiously, and with more certainty than a trial judgment, since the parties would need to take depositions, brief numerous motions on the merits before trial could commence.

LAW OFFICE OF PETER A. ROMERO PLLC  •  LABOR AND EMPLOYMENT LITIGATION
103 Cooper Street, Babylon, NY 11702  •  office: (631) 257-5588  •  promero@romerolawny.com  •  overtimelawny.com

Hon. Sandra J. Feuerstein
April 20, 2018
Page 2

      As set forth in the attached Settlement Agreement, the parties have agreed to settle this action and provide mutual general releases for a total settlement amount of $30,000 (the "Settlement Amount"). Pursuant to Plaintiff's retainer agreement, the attorney's fee represents one third (33.3%) of the total settlement amount and is reasonable. Plaintiff's counsel researched and investigated the claims, conducted an in-depth and detailed inquiry regarding Plaintiff's job duties, hours worked and compensation received, commenced this action, and negotiated the settlement. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf. The settlement amount will be made available to Plaintiff without the uncertainty and delay of trial.

      In short, the settlement is the result of substantial negotiations and compromise by both parties. The parties believe that the proposed settlement is completely fair, reasonable, and adequate to the Plaintiff in light of the risks of litigation and should be approved.

      We appreciate Your Honor's attention to this matter.

Respectfully submitted,

**LAW OFFICE OF PETER A. ROMERO PLLC**

By: /s/
_____
Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
(631) 257-5588

cc: David Tauster, Esq.

LAW OFFICE OF PETER A. ROMERO PLLC · LABOR AND EMPLOYMENT LITIGATION
103 Cooper Street, Babylon, NY 11702 · office: (631) 257-5588 · promero@romerolawny.com · overtimelawny.com

## SETTLEMENT AND RELEASE AGREEMENT

**WHEREAS**, on or about June 2, 2017, Jose Fernandez ("Plaintiff") commenced an action against Rocky Point Townhouse Diner Inc., Sergio Avgoustidis (incorrectly named as "Sergio Augoustidis") and Nicholas Avgoustidis (incorrectly named as "Nicholas Augoustidis") (collectively "Defendants") in the United States District Court for the Eastern District of New York (the "Court"), bearing Docket No. 2:17-cv-03324 (the "Action"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL");

**WHEREAS**, Plaintiff filed an amended Complaint in the Action on or about September 12, 2017;

**WHEREAS**, Defendants timely filed their Answer on October 23, 2017 denying Plaintiff's allegations, and have contended that Plaintiff's allegations are unfounded and lack merit;

**WHEREAS**, Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated extensively in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses and the *bona fide* dispute between Plaintiff and Defendants (the "Parties");

**WHEREAS**, the Parties desire to fully and finally resolve and settle in full all wage and hour claims that Plaintiff has, had, or may have against Defendants, by way of this Settlement and Release Agreement ("Agreement");

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1

1.   In consideration of the payment to Plaintiff by Defendants of Thirty Thousand Dollars ($30,000.00) (the "Settlement Amount"), representing payment for all of Plaintiff's alleged damages in connection with the Action, as well as Plaintiff's counsel's costs and fees, an amount to which Plaintiff is not otherwise entitled, Plaintiff hereby releases and forever discharges Rocky Point Townhouse Diner Inc., Nicholas Avgoustidis and Sergio Avgoustidis, as well as, as applicable, Defendants' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiff to be an "employer" (including, but not limited to, Nicholas Avgoustidis and Sergio Avgoustidis) both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies (all of said individuals and entities, together with Rocky Point Townhouse Diner Inc., Nicholas Avgoustidis and Sergio Avgoustidis, hereinafter collectively referred to, jointly and severally, as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiff under the FLSA, NYLL, or any other law, regulation, or ordinance regulating the payment of wages, which Plaintiff, his heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

4846-8075-1200.2

2. Within five (5) business days after the date counsel for Defendants receives this Agreement, fully executed and signed by Plaintiff before a notary, and the Stipulation of Dismissal in the form attached hereto as "Exhibit A" (the "Stipulation"), executed by Plaintiff's counsel of record, Defendants' counsel of record in the Action will file the Agreement, a motion in support of same, and the Stipulation to the docket of the Action for the Court's approval.

3. Provided that: (i) the Agreement is fully-executed by Plaintiff and is signed by Plaintiff before a notary; (ii) the Stipulation is executed by Plaintiff's counsel of record; (iii) the executed and notarized Agreement and the executed Stipulation is provided to Defendants; (iv) the Agreement is approved by the Court; and (v) the Stipulation is endorsed by the Court, the Settlement Amount shall be paid as follows:

    (a) Within thirty (30) days after the Court approves the Agreement and endorses the Stipulation, Defendants shall cause one (1) check in the amount of Fifteen Thousand Dollars ($15,000), payable to "Law Office of Peter A. Romero PLLC, as attorneys for Jose Fernandez," to be delivered to Peter A. Romero, Esq., Law Office of Peter A. Romero PLLC, 103 Cooper Street, Babylon, New York 11702;

    (b) Every thirty (30) days thereafter, continuing for five (5) months, Defendants shall cause one (1) check in the amount of Three Thousand Dollars ($3,000), payable to "Law Office of Peter A. Romero PLLC, as attorneys for Jose Fernandez," to be delivered to Peter A. Romero, Esq., Law Office of Peter A. Romero PLLC, 103 Cooper Street, Babylon, New York 11702.

4846-8075-1200.2

4. Defendants may issue an IRS tax form 1099 to Plaintiff's counsel for the Settlement Amount. Plaintiff agrees to hold Defendants harmless, and indemnify Defendants fully, from any payments Defendants may be required to make to any taxing authority resulting from Plaintiff's failure to pay taxes related to the Settlement Amount.

5. Prior to filing the Stipulation with the Court, Defendant Nicholas Avgoustidis shall execute an Affidavit of Confession of Judgment on behalf of himself and Defendant Rocky Point Townhouse Diner Inc., for the total amount of Thirty Thousand Dollars and Zero Cents ($30,000.00), less any payments made by Defendants pursuant to this Agreement, in the form attached hereto as Exhibit B. Contemporaneously with Defendants' execution of this Agreement, Defendants shall provide Plaintiff's counsel with said executed Affidavit of Confession of Judgment bearing original signatures, which shall be held in escrow by Plaintiff's counsel.

6. In the event Defendants are in default of any of the payments required under Paragraph 3 of this Agreement, Plaintiff shall provide ten (10) calendar days' written notice via email to Defendants' counsel of their intent to file the Affidavit of Confession of Judgment. Defendants will have ten (10) calendar days to remedy their default before Plaintiff file's the Affidavit of Confession of Judgment. Upon complete satisfaction of all payments set forth in Paragraph 4, the Affidavit of Confession of Judgment will be deemed null and void, and Plaintiff's counsel will return the original Affidavit of Confession of Judgment to Defendants' counsel, and retain no copies of same.

7. Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement. Plaintiff and Defendants expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms

4846-8075-1200.2

and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8. Plaintiff acknowledges that his employment with Defendants has ended and that he has been paid in full for all time worked, paid correctly in accordance with all applicable wage and hour laws, and is owed no other forms of remuneration whatsoever, including, but not limited to, any wages, overtime compensation, vacation, bonus, commission, or accrued benefit pay.

9. The Parties agree that in any action resulting from a breach of this Agreement by either party, if it is determined by a court of competent jurisdiction that either party breached this Agreement, the prevailing party in such an action will be entitled to its costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s), in addition to any damages which may be awarded in connection with said breach.

10. The Parties acknowledge that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by Defendants that Plaintiff's claims have merit. In fact, Plaintiff acknowledges that Defendants explicitly refute and deny any claims of wrongdoing.

11. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

5

12. Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest he possesses in their purported claims. Plaintiff acknowledges and represents that he knows of no other person or entity that holds a remunerative interest in any plausible legal claims he could assert, and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by said Plaintiff.

13. Plaintiff is competent to affect a knowing and voluntary release of claims as contained herein, and to enter into this Agreement. Plaintiff is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Defendants from any claims by or relating to Plaintiff.

14. This settlement is based upon a good faith determination between Plaintiff and Defendants to resolve a disputed claim. Plaintiff and Defendants have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b). Plaintiff and Defendants resolved this matter in compliance with both state and federal law and made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms. Plaintiff will have the sole responsibility to satisfy any lien or claim asserted against the Settlement Amount or arising from the settlement, including any potential future lien by Medicare and/or Medicaid (CMS/DSS/HRA). Plaintiff will indemnify, defend, and hold Releasees and/or Releasees' insurers harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages, including multiple damages

4846-8075-1200.2

from Releasees and/or Releasees' insurers relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to any Plaintiff's alleged injuries, claims or lawsuit, said Plaintiff(s) will defend and indemnify Releasees and/or Releasees' insurers, and hold Releasees and/or Releasees' insurers harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

15. Plaintiff confirms that he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement.

16. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation.

17. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

18. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

19. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree any court of competent jurisdiction in the State of New York, including the United States District Court for the Eastern District of New York, will have jurisdiction over this Agreement and over the Individual Releases.

4846-8075-1200.2

20. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

21. All other notices and documents set forth herein shall be delivered to counsel for Defendants, Jeffery A. Meyer, Esq. and David A. Tauster, Esq., Nixon Peabody LLP, 50 Jericho Quadrangle, Suite 300, Jericho, New York 11753; (516) 832-7500; jmeyer@nixonpeabody.com and dtauster@nixonpeabody.com, respectively; and counsel for Plaintiff, Peter A. Romero, Esq., Law Office of Peter A. Romero PLLC, 103 Cooper Street, Babylon, New York 11702, (631) 257-5588; promero@romerolawny.com.

22. Plaintiff represents that he has been advised to consult legal counsel regarding this Agreement and, in fact, has consulted legal counsel of his own choosing. Plaintiff further represents that, after having had the opportunity to review and consider the provisions of this Agreement, and having discussed them with legal counsel and/or financial advisor(s) of his own choosing, he fully understands all of the provisions of this Agreement and has executed same freely and voluntarily.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

4846-8075-1200.2

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

_____
(Jose Fernandez)

STATE OF NEW YORK        }
                         }S.S.
COUNTY OF Suffolk        }

On April 20, 2018, before me personally came Jose Fernandez, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

ANGELICA VILLALBA
Notary Public, State of New York
No. 01VI6310014
Qualified in Nassau County
Commission Expires August 18, 2018

_____
Rocky Point Townhouse Diner Inc.
By:
Title:

STATE OF NEW YORK        }
                         }S.S.
COUNTY OF _____  }

On _____, 2018, before me personally came _____, and acknowledged himself or herself to be an officer of Rocky Point Townhouse Diner Inc., and that he or she, as such, being authorized so to do, executed the foregoing Settlement Agreement and Release for the purposes therein contained, by signing his or her name for Rocky Point Townhouse Diner Inc.

_____
NOTARY PUBLIC

4846-8075-1200.2

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

_____
Jose Fernandez

STATE OF NEW YORK     }
                      }S.S.
COUNTY OF Suffolk     }

On April 18th, 2018, before me personally came Jose Fernandez, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

[Notary seal: DONNAMAE DEMONTE, NOTARY, NO. 01DE6156514, QUALIFIED IN SUFFOLK COUNTY, COMM. EXP. 11/27/2018, STATE OF NEW YORK, PUBLIC]

_____
Rocky Point Townhouse Diner Inc.
By: Nicolaos Avgoustidis
Title: VP

STATE OF NEW YORK     }
                      }S.S.
COUNTY OF Suffolk     }

On April 18th, 2018, before me personally came Nicolaos Avgoustidis, and acknowledged himself or herself to be an officer of Rocky Point Townhouse Diner Inc., and that he or she, as such, being authorized so to do, executed the foregoing Settlement Agreement and Release for the purposes therein contained, by signing his or her name for Rocky Point Townhouse Diner Inc.

_____
NOTARY PUBLIC



[Notary seal: DONNAMAE DEMONTE, NOTARY, NO. 01DE6156514, QUALIFIED IN SUFFOLK COUNTY, COMM. EXP. 11/27/2018, STATE OF NEW YORK, PUBLIC]

4846-8075-1200.3

_____
Nicholas Avgoustidis

STATE OF NEW YORK     }
                     } S.S.
COUNTY OF __Suffolk__ }

On Apr. 18th, 2018, before me personally came Nicholas Avgoustidis, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

[Notary Seal: DONNAMAE DEMONTE, NOTARY, NO. 01DE6156514, QUALIFIED IN SUFFOLK COUNTY, COMM. EXP. 11/27/2018, STATE OF NEW YORK]

_____
Sergio Avgoustidis

STATE OF NEW YORK     }
                     } S.S.
COUNTY OF __Suffolk__ }

On April 18th, 2018, before me personally came Sergio Avgoustidis, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

[Notary Seal: DONNAMAE DEMONTE, NOTARY, NO. 01DE6156514, QUALIFIED IN SUFFOLK COUNTY, COMM. EXP. 11/27/2018, STATE OF NEW YORK]

4846-8075-1200.3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE FERNANDEZ, on behalf of himself and all others similarly situated,<br><br>                             Plaintiff,<br><br>- v -<br><br>ROCKY POINT TOWNHOUSE DINER INC., SERGIO AUGOUSTIDIS, and NICHOLAS AUGOUSTIDIS,<br><br>                            Defendants. | Civil Action No. 2:17-cv-03324 (SJF)(SIL)<br><br>**STIPULATION OF DISMISSAL** |

**IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs; and further that Plaintiff is precluded from bringing any further claims under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including overtime pay, for the period set forth in Plaintiff's Complaint.

4846-8075-1200.2

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

_____, 2018        April 20_____, 2018

**LAW OFFICE OF PETER A. ROMERO PLLC**                **NIXON PEABODY LLP**

By: _____          By: _____
    Peter A. Romero, Esq.                    Jeffery A. Meyer, Esq.
                                             David A. Tauster, Esq.

103 Cooper Street                           50 Jericho Quadrangle, Suite 300
Babylon, New York 11702                     Jericho, New York 11753
(631) 257-5588                              (516) 832-7500
Promero@RomeroLawNY.com                     jmeyer@nixonpeabody.com
*Attorney for Plaintiff*                    dtauster@nixonpeabody.com
                                            *Attorneys for Defendants*

**SO ORDERED:**

_____
U.S.D.J.

4846-8075-1200.2